IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA L. HARTLEY,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | No. 3:04-CV-2045 |
| : | |
| **POCONO MOUNTAIN REGIONAL** : | **JUDGE THOMAS I. VANASKIE** |
| **POLICE DEPARTMENT and** : | |
| **JOHN P. LAMBERTON,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM AND ORDER

This is a gender discrimination case arising out of Plaintiff Debra L. Hartley's employment as a Police Officer with Defendant Pocono Mountain Regional Police Department, a regional law enforcement agency comprised of four municipalities. Plaintiff and Defendants, the Pocono Mountain Regional Police Department and John P. Lamberton, its Chief of Police, have filed objections to a Magistrate Judge's Report and Recommendation addressing Defendants' Motion for Summary Judgment. The Magistrate Judge proposed that the motion be granted with respect to Plaintiff's claims of denial of equal protection and procedural due process, both of which were brought pursuant to 42 U.S.C. § 1983. He recommended denying summary judgment on Plaintiff's hostile work environment claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as on her claims of retaliation brought under Tile VII and § 1983.

Plaintiff objects to the recommendation that summary judgment be granted on her equal protection claim presented under § 1983.  Defendants object to all recommendations adverse to their position.

Where, as here, objections are filed to a Report and Recommendation addressing a dispositive motion, the District Judge must review *de novo* those aspects of the Report and Recommendation to which the objections relate.  See Scerbo v. Orefice, No. 3:06-CV-0676, 2006 WL 3762000, at *1 (M.D. Pa. Dec. 20, 2006).  As to those aspects of the Report and Recommendation to which no objection is made, however, the District Judge is required only to review the record for "clear error."  Id.; Cruz v. Chater, 990 F. Supp. 375, 377-78 (M.D. Pa. 1998).

No party has objected to the recommendation that summary judgment be granted on the procedural due process claim presented in Count V of the Amended Complaint.  Discerning no error in this recommendation, I will adopt it.  The record has been reviewed *de novo* with respect to all other claims presented by Plaintiff.

Defendants object to the Magistrate Judge's conclusion that the evidence of record is sufficient to withstand summary adjudication of the hostile work environment claim.  In particular, Defendants contend that inappropriate weight was attributed to an alleged occasion when pornography was purportedly visible on a computer within the Pocono Mountain Regional Police Department.  Defendants correctly observe that Plaintiff did not

mention this incident during her deposition.  Defendants expressed concern that the Magistrate Judge believed that they had admitted this occurrence, asserting that they "in no way concede that any [such] incident occurred. . . ."  (Brief in Support of Defendants' Objections to Report and Recommendation, Dkt. Entry 45, at 8.)[1]  Defendants contend that the evidence, viewed in its totality, is insufficient to support a finding by a rational fact-finder that Plaintiff was exposed to a sexually hostile work environment at the Pocono Mountain Regional Police Department.

Five factors are to be assessed in considering a claim of employment discrimination based upon a hostile or abusive work environment:

(1) the plaintiff suffered intentional discrimination because of her gender;

(2) the discrimination was pervasive or severe;

(3) the discrimination adversely affected the plaintiff;

(4) the discrimination would have detrimentally affected a reasonable person of the same protected class in that position; and

(5) the existence of respondeat superior liability.  See Shahin v. College Misericordia, No. 3:CV-02-0925, 2006 WL 2642355, at *11 (M.D. Pa. Sept. 13, 2006).  A

---

[1]The Magistrate Judge believed the pornography viewing incident was undisputed in light of a statement made on page 6 of Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, which stated, "[i]t is uncontested that this [incident] occurred on one occasion."

careful review of the entire record confirms the existence of facts sufficient to warrant submission of each of these issues to a jury, even if there were no occasions when Plaintiff was exposed to pornography at the police station.

Plaintiff has identified three fellow patrol officers as the perpetrators of a pattern of discriminatory and sometimes abusive behavior. This conduct included a public rebuke by one of those officers (Hartley Dep. at 63-69); the refusal of these officers to accept her as a backup (*id.* at 71-72); their failure to back her up when she was out on calls (Yakscoe Dep. at 26; Miller Dep. at 10, 26-27); and their falsely accusing her of various misconduct. (Hartley Dep. at 70-81, 101-03, and 122; Miller Dep. Tr. at 12-13.) While there was no evidence of sexual advances or derogatory or demeaning comments directed to Plaintiff, she did testify that she had been told on one occasion by a supervising officer that police work is "a man's job." (Hartley Dep. at 86-87.) She was also informed that the three officers in question regularly complained about her to others and referred to her in disparaging terms on the basis of gender. (Hartley Dep. at 91-104.) Furthermore, Plaintiff presented evidence suggesting that more was required of her when she was assigned as the Department's D.A.R.E Officer than had been required of a male police officer who previously occupied that post. (Hartley Dep. at 150-51.) Plaintiff also testified that male Police Officers regularly watched television programs at the police station during which bare-chested women appeared. (Hartley Dep. at 175.)

Plaintiff testified that she endured a hostile atmosphere infused with gender bias during her entire tenure with the Pocono Mountain Regional Police Department, from the time she was hired in November of 1998 until she resigned in July of 2003.  She did not complain to the Chief of Police, Defendant Lamberton, however, until January 29, 2003, when she wrote:

> My supervisors are aware of many . . . incidents where certain officers have deliberately lied in an attempt to jeopardize my standing and depreciate my confidence.  It is my belief that these officers are harassing me because I am a woman.  It has been extremely difficult to work and perform all of my duties under these conditions.

By letter dated February 12, 2003, Plaintiff wrote to Chief Lamberton to inquire as to the status of potential disciplinary proceedings against her that had been the subject of a January 10, 2003 interview of her by the Chief.  In this letter, she questioned whether the absence of a reply from the Chief with respect to that matter, as well as the lack of a response to her letter of January 29, 2003, were "yet another display of female discrimination?"

Although Chief Lamberton asserted that he had conducted an investigation with respect to Plaintiff's charge of a discriminatory hostile work environment, Plaintiff presented evidence that casts doubt on the assertion. (Schmidt Dep. at 13; Fluegel Dep. at 39.)  She also presented evidence that could support a conclusion that her complaints were summarily dismissed by Chief Lamberton.  (Hartley Dep. at 161.)

To be sure, Plaintiff has made some claims of disparate treatment of male police officers that are not substantiated by the underlying records. For example, her claims that male officers received favorable treatment with respect to shift assignments and worked less weekends were refuted by the records accompanying Chief Lamberton's Affidavit. (Lamberton Aff. Dkt. Entry 39, ¶¶ 4-8, Ex. A - Ex. D.) Statements made by Lieutenant Bockelman in an employment evaluation at the end of Plaintiff's first year with the Police Department, accepted by Plaintiff without any reservation, conflict with Plaintiff's assertion of a gender bias pervading the police force. For example, Lieutenant Bockelman observed that during her probationary period Plaintiff had "developed into an officer . . . who has been accepted both by her squad and by the department as a whole." He also observed that Plaintiff's "work ethic is excellent which has enhanced her acceptance by her fellow officers." Also serving to undermine Plaintiff's claims is her failure to bring to the attention of her supervisors the alleged harassment of three fellow police officers until more than four years after she began working for the Police Department.

Plaintiff, however, has presented evidence that the only other female officer on the force at the time she was hired told Plaintiff that she would not make her address known out of concern that some male police officers would find out where she lived and that she believed it best not to voice complaints or "make any waves." (Hartley Dep. at 96-97.) Plaintiff also presented testimony that the mere assertion of a complaint could jeopardize

her employment. (Hartley Dep. at 100-01, Lamberton Dep. at 194.) In addition, Defendants concede that the Police Department did not have any policy dealing with sexual harassment or workplace discrimination that would enable an officer to request an investigation of perceived discriminatory harassment without fear of recrimination. (Vashlishan Dep. at 16; Lamberton Dep. at 6.)

A court must consider the totality of the circumstances in determining whether an environment is hostile or abusive, taking into consideration "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Moreover, because discrimination may be occur by sophisticated and subtle means, it is not appropriate "to isolate incidents of facially neutral harassment and conclude, one by one, that each lacks the required discriminatory animus." Jensen v. Potter, 435 F.3d 444, 450 (3d Cir. 2006), implied overruling on other grounds recognized by Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006). The focus must be on the overall situation, and not on discrete incidents.

Although not compelling, Plaintiff's evidence, viewed in its entirety, is sufficient to create a jury question with respect to the elements of a hostile work environment claim. In particular, evidence that certain male police officers failed to provide backup for Plaintiff

could support a rational conclusion of severe or pervasive harassment.  In this regard, in Zelinski v. Pennsylvania State Police, 108 Fed.Appx. 700, 704-05 (3d Cir. 2004), our Court of Appeals found that the failure of a male police officer to provide a female police officer "with adequate protection in the dangerous and sometimes deadly world of drug law enforcement . . . may have created a hostile work environment."[2]  This rationale applies with equal force here.  Exposing a female police officer to handle calls without the protection of another officer can be a powerful means of intimidation.

Also significant in Zelinski, and present here, was the failure of the complaining party's supervisor to take her complaints seriously.  Id.  Our Court of Appeals recognized that the brusque dismissal of a claim of discrimination may contribute "to the creation of a hostile work environment."  Id.

Accordingly, as the Magistrate Judge concluded, viewing the evidence in its entirety and in the light most favorable to Plaintiff, a rationale juror could find that she was exposed to a hostile work atmosphere on account of her gender.  Thus, I will adopt the recommendation that Defendants be denied summary judgment on Plaintiff's Title VII hostile work environment claim.

---

[2] In Zelinski, the male police officer who allegedly failed to provide protection had made sexual advances towards the plaintiff.  No such evidence has been presented in this case.  Plaintiff, however, has adduced sufficient evidence of disparate treatment to suggest a gender-based motivation for the alleged failure to provide her with backup.

The Magistrate Judge, however, erred in determining that Defendants were entitled to summary judgment on Plaintiff's equal protection claim presented under 42 U.S.C. § 1983. In recommending that Defendants be granted summary judgment on the § 1983 equal protection claim, the Magistrate Judge relied upon case law holding that disparate impact analysis, properly available in a Title VII case, is not appropriate in a § 1983 equal protection proceeding. (Report and Recommendation, Dkt. Entry 43, at 26-27.) Plaintiff, however, is not proceeding on a disparate impact theory, but is instead claiming intentional discrimination under both Title VII and § 1983.

Of course, the fact that co-workers may have subjected Plaintiff to an intentionally discriminatory hostile work environment does not suffice to support a § 1983 claim against the Pocono Mountain Regional Police Department or Chief Lamberton. Zelinski, 108 Fed Appx. at 703. Liability under § 1983, however, may be imposed where there is evidence of deliberate indifference to the equal protection rights of the Police Department's employees. See Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997). Deliberate indifference may be inferred from the absence of an adequate training program. Id. Specifically, "deficient training may form a basis for municipal liability under § 1983 only if 'both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate,'

are present." Id.

In this case, it is undisputed that the Police Department did not have a sexual harassment policy in place. There is also evidence that there was, at best, very limited and sporadic training provided to members of the Police Department on the subject of sexual harassment. Finally, the evidence could support a conclusion that Chief Lamberton's inaction in response to Plaintiff's complaints "communicated a message of approval to the offending subordinate." Id. Under these circumstances, the liability of the Police Department and Chief Lamberton under § 1983 based upon deliberate indifference to a hostile work environment is a matter properly submitted to a jury. Accordingly, Plaintiff's objection to the recommendation that summary judgment be granted on the equal protection claim will be sustained.

Defendants' objections to the Magistrate Judges' recommendations with respect to the retaliation claims asserted under Title VII and § 1983 are also meritorious. First, although Plaintiff's written complaints of discrimination submitted to Chief Lamberton in early 2003 provide a sufficient premise for a Title VII retaliation claim, see Zelinski, 108 Fed. Appx. at 705, they do not necessarily suffice to support the First Amendment retaliation claim presented by Plaintiff in Count IV of her Amended Complaint.

In Zelinski, the court held that a public employmee's complaint of sexual harassment of a non-supervisory co-worker was not subject to First Amendment protection, explaining:

> While speech about sexual harassment and other discrimination is certainly important, neither the form, context, nor content of Zelinski's speech support a finding that it addressed a matter of public concern. Zelinski did not make a public speech about the evils of sexual harassment, she, instead, stated in an informal conversation that a non-supervisory co-worker made improper sexual advances toward her but that she did not desire to see any official action taken. This conversation, while protected under Title VII, has little or no 'instrumental value to the community in enabling self-governance,' and thus does not appear to have addressed a matter of sufficient public concern to warrant First Amendment protection.

Id. at 708.

This analysis is compelling here. Plaintiff's Complaints to Chief Lamberton concerned the alleged inappropriate conduct of non-supervisory co-workers. She did not bring her concerns to the attention of the Police Commission, comprised of representatives of the four municipalities that formed the Pocono Mountain Regional Police Department. Her complaints to Chief Lamberton do not appear to have value in enabling self-governance. The complaints thus do not warrant First Amendment protection. Accordingly, Defendants are entitled to summary judgment on Count IV of the Amended Complaint.

Even if the complaints were entitled to First Amendment protection, Plaintiff cannot show the requisite adverse employment action in response to her complaints sufficient to sustain either a First Amendment or Title VII retaliation claim. To support a retaliation claim, a plaintiff must show that a "reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and

Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2412-13 (2006). Specifically, Plaintiff must "identify what [materially adverse actions] . . . a reasonable jury could link to a retaliatory animus." Jensen, 435 F.3d at 449-50. In considering Plaintiff's claim, this Court must "separate significant from trivial harms." Burlington Northern, 126 S. Ct. at 2415.

     Plaintiff claims retaliation because her complaints were summarily dismissed by Chief Lamberton in January and February of 2003. But the abrupt disposition of her complaint, although perhaps evidence of gender discrimination, cannot suffice to constitute retaliation. Simply stated, dismissal of a complaint is not the type of "*materially adverse*" action that would dissuade a reasonable worker from complaining in the first instance. The denial of a charge of discrimination does not change the conditions of employment. Moreover, the logical extension of Plaintiff's position is that a retaliation claim could be brought whenever an employer concludes that a discrimination charge lacks merit. Plaintiff has cited no authority for this remarkable proposition.

     Plaintiff also claims that retaliation may be inferred from the continuation of the hostile work environment that she had endured before making her complaint. Notably, however, Plaintiff presented evidence of only one discrete instance of alleged harassment occurring after January of 2003. This incident was the subject of her letter of April 29, 2003, and concerned the removal of a coffee cup from a file drawer she maintained and leaving it in a sink, used and unwashed. This incident is too trivial to support a retaliation claim.

Furthermore, there is no connection between this incident and an intent to retaliate for having complained about sex discrimination.  Absent evidence of specific materially adverse action to which Plaintiff was exposed following the submission of her complaints, there is simply no basis for a claim of retaliation in this case.  Accordingly, Defendants' objections to the recommendation with respect to the retaliation claims will be sustained and judgment will be entered in their favor on Counts II and IV of the Amended Complaint, as well as on Count VI to the extent that Plaintiff presents a retaliation claim under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

    **NOW, THIS 22nd DAY OF MARCH 2007,** for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

    1.  The Report and Recommendation of Chief Magistrate Judge Blewitt (Dkt. Entry 43) is **ADOPTED IN PART.**

    2.  Defendants' Motion for Summary Judgment (Dkt. Entry 36) is **GRANTED IN PART.**

    3.  Defendants are granted judgment in their favor as to Counts II, IV, and V of the Amended Complaint.  Defendants are also granted judgment in their favor on Count VI of the Amended Complaint to the extent that it asserts a claim of retaliation under the Pennsylvania Human Relations Act.

    4.  In all other respects, Defendants' Motion for Summary Judgment is **DENIED.**

5.  A telephonic scheduling conference shall be held Monday, April 16, 2007 at 10:30 a.m.  Counsel for Plaintiff is responsible for arranging the call to (570) 207-5720, and all counsel shall be ready to proceed before the undersigned is contacted.

<u>**s/ Thomas I. Vanaskie**</u>
Thomas I. Vanaskie
United States District Judge