# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA L. HARTLEY,**  Plaintiff  vs.  **POCONO MOUNTAIN REGIONAL POLICE DEPARTMENT, JOHN P. LAMBERTON,**  Defendants | **JURY TRIAL DEMANDED**  **VANASKIE CHIEF JUDGE**  No. 3:CV-04-2045 |

## MOTION FOR LEAVE TO AMEND ANSWER

AND NOW, come the Defendants above captioned by and through counsel, Harry T. Coleman, Esquire and hereby seeks leave of Court to amend the Answer to the Plaintiff's Amended Complaint and asserts the following:

1. This employment discrimination claim was commenced on September 16, 2004. (Doc.1).

2. On December 21, 2004 Defendants filed a Motion to Dismiss. (Doc. 3).

3. On April 6, 2005 this Court through Chief Magistrate Judge

Thomas M. Blewitt issued a Report and Recommendation premised upon the Plaintiff's Complaint and the Defendants' Motion to Dismiss.  (Doc. 7).

4. Five days later on April 11, 2005 the Plaintiff filed her first Amended Complaint. (Doc. 8).

5. On May 2, 2005 Defendant filed an Answer to the Amended Complaint with Affirmative Defenses.  (Doc. 10).

6. On July 5, 2005 this Court adopted the Report and Recommendation of the Chief Magistrate Judge.  (Doc. 11).

7. On February 7, 2006 Defendants filed a Motion for Summary Judgment.  A Statement of Facts relative to the Motion for Summary Judgment was filed February 17, 2006.  (Doc. 36, 38).

8. On May 17, 2006 the Chief Magistrate Judge issued his Report and Recommendation on the Summary Judgment.  (Doc. 43).

9. The parties filed objections to the Report and Recommendation. (Doc. 44, 50).

10. On March 22, 2007 this Court issued a Memorandum and Order adopting in part the Report and Recommendation of the Chief Magistrate Judge.  (Doc. 58).

11. At no time was the issue of constructive discharge ever addressed or briefed by the parties in the afore-referenced dispositive motions.

12. At the attorney's conference held pursuant to Local Rule 16. 3 (b), undersigned counsel suggested to plaintiff's counsel that the Statement of Undisputed Facts would best be approached by a comparison of the Plaintiff's Amended Complaint and the Defendants' Answer.

13. At the pre-trial conference held before this Court on September 28, 2007, it first became apparent to undersigned counsel that an oversight in the responsive pleading to paragraph seventeen was made wherein defendants admitted that plaintiff was constructively discharged. This oversight is contrary to the position consistently maintained by the defendants relative to the plaintiff's separation from employment.

14. Undersigned counsel recently completed a trial in the Court of Common Pleas of Monroe County (Sisk v. Mancini, number 3336-civil-2002) which ended late in the afternoon on Wednesday, October 3, 2007.

15. Defendants' counsel has sought the concurrence of plaintiff's counsel in the within Motion and no concurrence was granted.

16. Federal Rule of Civil Procedure 15 (a) requires that "leave [to

amend] shall freely be given when justice so requires." Fed. R.Civ.P. 15 (a).

17. Rule 15(a)'s liberal pleading standard has long been held to apply to Motions to Amend Answers to Complaints. See *Heyl and Patterson Int'l Inc. V. F.D. Rich Housing of V.I. Inc.*, 63 F.2d 419, 425 (3d. Cir. 1981).

18. Respectfully, "an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [non-movant] as a result of the delay. *Long v. Wilson*, 393 F.3d. 390, 400 (3d. Cir. 2004) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3d. Cir. 1984)).

19. Inasmuch as Plaintiff has not relied in any manner to date on the erroneous admission of a constructive discharge, it is submitted that no prejudice has inured to the plaintiff. Defendant's actions here amount to an oversight and can never be characterized as bad faith or dilatory.

20. A copy of the Proposed Amended Answer and Affirmative Defenses which substantively changes only the response to paragraph seventeen is attached hereto as Exhibit "A'.

WHEREFORE, it is respectfully requested this Honorable Court grant the Defendants' Motion to Amend the Answer and Affirmative Defenses filed

to the Plaintiff's First Amended Complaint.

Dated:  October 4, 2007                    Respectfully submitted,

                                                           LAW OFFICE OF HARRY T. COLEMAN

                                                           <u>/s/ Harry T. Coleman, Esquire</u>
                                                           Harry T. Coleman, Esquire
                                                           Attorney I.D. No. 49137
                                                           T.H. Coleman Professional Building
                                                           76 N. Main Street
                                                           Carbondale, Pennsylvania 18407

                                                           Attorney for Defendants