IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA L. HARTLEY,                              :
                                               :
            Plaintiff                          :
                                               :
      v.                                       :       3:CV-04-2045
                                               :       (JUDGE VANASKIE)
POCONO MOUNTAIN REGIONAL                       :
POLICE DEPARTMENT AND JOHN,                    :
P. LAMBERTON,                                  :
                                               :
            Defendants                         :

## MEMORANDUM

        Plaintiff Debra L. Hartley has moved for a new trial following a jury verdict finding that

she had failed to prove that she was discriminated against on the basis of gender in the

terms and conditions of her employment with Defendant Pocono Mountain Regional Police

Department (the "Police Department").  Ms. Hartley contends that she was prejudiced by

this Court's decision at the close of trial to allow Defendants to withdraw their plainly

inadvertent admission in their pleadings that she had been discharged constructively.  She

also contends that a new trial is warranted based upon (a) the Court's failure to submit to

the jury a retaliation claim arising out of Defendants' opposition to her unemployment

compensation application; (b) various evidentiary rulings that purportedly limited her proof;

and (c) the dismissal of the punitive damage claim against Defendant John P. Lamberton,

the Chief of the Police Department.  Discerning no error that renders the jury's verdict a

miscarriage of justice, the Court will deny the motion for a new trial.

## I. BACKGROUND

In November of 1998, Ms. Hartley was hired as a Police Officer with the Police Department, a regional law enforcement agency comprised of four municipalities.  On July 30, 2003, Plaintiff delivered to Chief Lamberton her letter of resignation.  Claiming disparate treatment on the basis of gender and a sexually hostile work environment that compelled her to quit her employment, Ms. Hartley brought this litigation against the Police Department and Chief Lamberton on September 16, 2004.

In her Amended Complaint, Plaintiff alleged that she:

was subjected to discrimination in the terms and conditions of her employment, including but not limited to:

a) not being backed up by fellow (male) officers, unlike similarly situated male offers;

b) being given a less consistent shift schedule than similarly senior or less senior male officers;

c) being given far fewer weekends off than similarly senior or less senior male officers;

d) being required to perform more diverse and more duties than similarly positioned male officers;

e) being subjected to unfounded disciplinary charges; and

f) having disciplinary charges handled in such away as to deprive her of the right to respond.

(Dkt. Entry 8, ¶ 9.)[1]  Defendants answered these averments found in paragraph 9 of the

Amended Complaint by asserting that they were conclusions of law to which no response

was required, but to the extent that a response may be required, the averments were

denied.  (Dkt. Entry 10, ¶ 9.)

The Amended Complaint also alleged:

14.  The discrimination and work place harassment endured by plaintiff was severe and pervasive, such that the terms and conditions of her employment was [sic] affected.

15.  A reasonable woman, working under the conditions to which plaintiff was subjected, would have found the conditions harassing and intolerable.

16.  The Defendants' actions and failures to act when faced with gender discrimination of plaintiff Hartley created a sexually hostile environment.

17.  On or about July 30, 2003, Plaintiff Hartley was constructively discharged.

Defendants' Answer asserted that the averments of paragraphs 14 through 16

presented conclusions of law for which responses were not required, but to the extent that

responses were required, the averments were denied.  (Dkt. Entry 10, ¶¶ 14-16.)  Contrary

to the denials of harassing and intolerable conditions alleged in paragraphs 14 through 16 of

the Amended Complaint, however, Defendants' Answer admitted the averment of paragraph

---

[1]For the convenience of the reader of this Memorandum opinion, hyperlinks to the Court's electronic record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

17 of the Amended Complaint that Plaintiff was discharged constructively.

Following the completion of discovery, Defendants moved for summary judgment. The Statement of Material Facts accompanying the summary judgment motion stated that Ms. Hartley had submitted a letter of resignation on July 30, 2003.  The Affidavit of Defendant Lamberton also referenced "plaintiff's voluntary resignation in July of 2003 . . . ." (Dkt. Entry 39, ¶ 3.)  Defendants' summary judgment motion vigorously assailed the sufficiency of Plaintiff's evidence of employment discrimination, plainly indicating that the assertion of a construction discharge was not conceded.

By Memorandum and Order filed on March 22, 2007 (Dkt. Entry 58), this Court denied defendants' summary judgment motion on the disparate treatment and hostile work environment claims, but granted the motion with respect to Plaintiff's retaliation claims. Specifically, with respect to Plaintiff's statutory retaliation claims, this Court found that the abrupt disposition of her complaints by Chief Lamberton in January and February of 2003 did not, contrary to Plaintiff's assertion, constitute "materially adverse" actions sufficient to dissuade a reasonable worker from complaining in the first instance.  (Id. at 12.)  The retaliation claim was also rejected because the only instance of alleged harassment occurring after Plaintiff first engaged in protected activity involved the removal of a coffee mug from a file drawer she maintained and leaving the mug in a sink, used and unwashed. This incident was found to be too trivial to support a claim of retaliation.  Id.

4

Notably, at the time of the briefing on the summary judgment motion, Plaintiff did not argue that Defendants' opposition to her claim for unemployment compensation was itself a retaliatory act.  Thus, there was no need to consider whether the opposition to unemployment compensation, occurring more than five months after Plaintiff engaged in protected conduct, warranted denial of summary judgment on a retaliation claim. Significantly, the order of March 22, 2007, dismissed Plaintiff's retaliation claims in toto.

The final pretrial conference was conducted on September 28, 2007.  In anticipation of the pretrial conference, Plaintiff filed a pretrial memorandum that included the required "comprehensive statement of undisputed facts as agreed to by counsel."  Based upon Defendant's answer to paragraph 17 of the Amended Complaint, the statement included the assertion that "[o]n or about July 30, 2003, Plaintiff Hartley was constructively discharged." (Dkt. Entry 86 at 2.)

At the final pretrial conference, the Court addressed several evidentiary issues, the disposition of one of which is asserted as a reason for new trial.  Specifically, Plaintiff sought to introduce evidence of the Police Department's handling of a complaint that a male officer, Mike Rice, had received preferential treatment in connection with alleged theft of money following a motor vehicle accident.  Significantly, this matter occurred more than two and one-half years after Plaintiff resigned her employment with the Police Department. Finding that whatever minimal probative value of discriminatory intent such evidence may

5

have was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time, see Fed. R. Ev. 403, this Court precluded Plaintiff from presenting this evidence at trial. (See Transcript of Final Pretrial Conference, Dkt. Entry 101, at 5-11.)

Also during the course of the pretrial conference, the parties discussed the admissibility of evidence that Defendants had not opposed Officer Rice's application for unemployment compensation benefits, but had opposed Plaintiff's unemployment compensation application. Plaintiff's counsel argued that such evidence was pertinent to "differential treatment." (Id. at 13.) This Court agreed with Plaintiff's counsel, and allowed evidence of the positions taken by the Defendants as probative of "differential treatment."

Significantly, Plaintiff's counsel did not argue at that time that the evidence was pertinent to a claim of retaliation. Indeed, Plaintiff's Pretrial Memorandum did not assert that such evidence would be presented in support of a retaliation claim. The special verdict questions submitted by Plaintiff similarly did not address any claim of retaliation. (Plaintiff's Pretrial Memorandum, Dkt. Entry 86, at 6.) Furthermore, neither Plaintiff's proposed jury instructions nor her supplemental proposed jury instructions sought any charge on a retaliation claim.

By Order dated September 29, 2007, this Court established a schedule for submission of in limine motions, and set jury selection for October 22, 2007. (Dkt. Entry

90.)  On October 4, 2007, Defendants moved for leave to amend their Answer to the Amended Complaint to withdraw their admission that Ms. Hartley had been discharged constructively.  Specifically, consistent with their responses to Paragraphs 14 through 16 of the Amended Complaint, Defendants sought to respond to paragraph 17 by asserting that it stated conclusions of law that required no response, but to the extent that a response may be required, the averment of constructive discharge was denied.  (Dkt. Entry 91.)  Plaintiff opposed the motion.  Believing it was untimely, the Court denied the motion for leave to amend the answer on October 22, 2007.  In denying the motion, the Court made clear that the admission was not conclusive of the constructive discharge issue.

The trial began later on October 22, 2007, and continued with the presentation of evidence through October 29, 2007.  At the close of Plaintiff's case, the Court granted Defendant Lamberton's motion for judgment as a matter of law on the punitive damage claim.  At the charge conference on October 30, 2007, the Court reconsidered its denial of the motion for leave to file an amended answer.  Finding that the issue of constructive discharge had been hotly contested and fully developed during discovery such that no prejudice would accrue to Plaintiff, the Court granted leave to file the amended answer.  Specifically, the Court found that the interests of justice would be advanced by having a decision on the merits of the constructive discharge claim if the jury found that Plaintiff had been discriminated against on the basis of her gender.

The jury found that Plaintiff had failed to prove that Defendants discriminated against her in the terms and conditions of her employment.  Accordingly, it did not reach the constructive discharge question.

Judgment was entered in favor of Defendants on October 30, 2007.  (Dkt. Entry 133.)  Plaintiff timely moved for post-trial relief on November 14, 2007. (Dkt. Entry 142.) Although the motion has been fully briefed, no party has presented any of the trial record in connection with the motion.[2]

II.  DISCUSSION

A.  Standard of Review

Rule 59(a) of the Federal Rules of Civil confers upon the trial court discretion to order a new trial after a jury verdict.  Where, as here, the motion is based primarily on matters like evidentiary rulings, the trial court's discretion is broad.  See Barbee v. Southeastern Pa. Transp. Auth., Civil Action No. 04-4063, 2007 WL 675851, at *2 (E.D. Pa. Feb. 1, 2007).  This discretion, however, is not unlimited.  Rule 61 of the Federal Rules of Civil Procedure provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence
> -- or any other error by the court or a party -- is ground for granting a new

_____

[2] Local Rule of Court 7.24 provides that "unless for good cause shown the court orders otherwise, a post-trial motion may be decided without the transcript of testimony." Neither party has requested production of the trial transcript, and, accordingly, the motion will be decided without the transcript.

trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.  At every stage of the proceeding, the Court must disregard all errors and defects that do not affect any party's substantial rights. [Emphasis added.]

Accordingly, "the district court's power to grant a new trial motion is limited to those circumstances 'where a miscarriage of justice would result if the verdict were to stand.'" Olefins Trading, Inc. v. Han Yang Chem Corp., 9 F.3d 282, 289 (3d Cir. 1993).  "An 'error' is defined as a '[d]eviation from a legal rule' and it affects substantial rights if the error is prejudicial, i.e., if it 'affected the outcome of the district court proceedings.'" Faulman v. Security Mut. Financial Life Ins. Co., Civil No. 04-5083, 2008 WL 4330188, at *1 (D. N.J. Sept. 17, 2008).

    B.  Withdrawal of the Admission of Constructive Discharge

       Plaintiff complains that prejudicial error was committed in the Court's decision to allow Defendants to amend their Answer and pre-trial stipulation that Plaintiff had been discharged constructively.  A review of the pertinent chronology of events in the context of the applicable law undermines Plaintiff's assertions of error and prejudice.

       In May of 2005, Defendants timely answered Plaintiff's Amended Complaint, denying conclusory averments that plaintiff endured a discriminatory and sexually hostile work environment that was so severe and pervasive as to adversely affect the terms and conditions of her employment.  (Answer to Amended Complaint, Dkt. Entry 10, ¶¶ 14-16.) Defendants also denied that a reasonable woman working under the conditions to which

Plaintiff had been exposed would have found the conditions intolerable.  (Id.)  Thus,

Defendants had denied the premise of a constructive discharge claim, i.e., the existence of

working conditions so intolerable that a reasonable person would feel forced to resign, with

gender being a motivating factor for the creation of the intolerable working conditions.  See

Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 317 n.4 (3d Cir. 2006) ("[C]onstructive

discharge occurs when an 'employer knowingly permit[s] conditions of discrimination in

employment so intolerable that a reasonable person subject to them would resign.'").  The

admission to paragraph 17 of the Complaint, which alleged that "[o]n or about July 30, 2003,

Plaintiff Hartley was constructively discharged," was thus plainly inadvertent.  This oversight

was compounded when defense counsel informed Plaintiff's counsel that she could use as

part of the statement of undisputed facts in the pretrial memorandum any admissions made

in responding to the Amended Complaint.

Plaintiff's pretrial memorandum was filed on September 27, 2007 (Dkt. Entry 86),

and the pretrial conference was conducted on September 28, 2007.  Defendants moved for

leave to file their amended answer on October 4, 2007, averring that the consequences of

defense counsel's oversight did not become clear until after the final pretrial conference.

Defense counsel also represented that he had completed a trial late in the afternoon of

October 3, 2007, and filed the motion for leave to amend as promptly as he could.  (Dkt.

Entry 91, at ¶¶ 13-14.)

Defendants' motion was denied on the grounds that it was untimely.  In denying the motion, however, the Court indicated that the defense admission was not conclusive so that the issue of constructive discharge was not beyond litigation.

During the evidentiary presentation, Plaintiff confronted Defendant Lamberton with the admission to paragraph 17 of the Amended Complaint.  He explained that he first saw the answer after it had been filed, and relied upon defense counsel to make any corrections.

At the conclusion of the presentation of evidence, the Court determined that Defendant should have been granted leave to amend the Answer to the Amended Complaint.  This decision was premised upon the firm conclusion that the admission was an evident oversight and that Plaintiff at all times understood that she had to prove the existence of conditions of discrimination in employment so intolerable that a reasonable person in her position would feel compelled to resign.

Rule 15 of the Federal Rules of Civil Procedure, governing amendment of pleadings, embraces "[a] liberal policy toward allowing amendments to correct errors in the pleadings [so as to advance] one of the basic objectives of the federal rules – the determination of cases on their merits."  6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1474, at 533-36 (2d ed. 1990).  Indeed, the rule pronounces that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).

The rule itself imposes no time limit on when an amendment may be made, and it is reported that amendments of pleadings have been allowed "at the beginning, during, and at the close of trial . . . ."  Wright, et al., supra, § 1488, at 655.  Thus, as a general rule "[d]elay alone . . . is an insufficient ground to deny an amendment . . . ."  Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).  Instead, the focus is upon whether the movant has acted reasonably promptly "as soon as the necessity for altering the pleading becomes apparent,"  Wright, et al., supra, § 1488, at 659. and whether the opposing party will suffer prejudice as a result of granting leave to amend. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938-39 (3d Cir. 1984).

In this case, Defendants acted with reasonable promptness after first discovering the import of their inadvertent admission to paragraph 17 of the Amended Complaint.  This Court's knee-jerk reaction in denying the motion as untimely did not give proper consideration to the question of when the error first became apparent.  In this regard, the parties had vigorously litigated a motion for summary judgment without the admission to paragraph 17 of the Amended Complaint ever being presented.  On the contrary, the summary judgment motion put at issue the question of whether Plaintiff had been subjected to a work environment riddled with discrimination.  In moving for summary judgment, Defendants had asserted that Plaintiff had voluntarily terminated her employment, an assertion inconsistent with an admission of constructive discharge.  (See Lamberton Aff.,

Dkt. Entry 39, ¶ 3.)  Thus, the mere fact that the motion for leave to amend was filed after the final pretrial conference was not grounds alone for denying the motion.  See Cornell, 573 F.2d at 823; Voltmann v. United Fruit Co., 147 F.2d 514, 516 (2d Cir. 1945) (affirming denial of motion for new trial based upon the trial court's decision to allow an admission to a complaint to be withdrawn on the second day of trial where plaintiff had adequate opportunity to present proof on the subject of the withdrawn admission).

Plaintiff's protestation of prejudice rings hollow.  Plaintiff was not foreclosed from presenting evidence of the admission in the pleadings, and in fact did so.  Plaintiff was informed prior to trial that any admission or stipulation of constructive discharge was not conclusive of the issue.  Plaintiff had a full opportunity to present evidence and argument that her workplace was so riddled with discrimination against women so as to make working there intolerable.  Thus, because plaintiff suffered no prejudice in her ability to present evidence pertinent to the constructive discharge issue, granting leave to amend the Answer was warranted.  See id.; Currie v. United States, 111 F.R.D. 56, 58-59 (M.D.N.C. 1986) (granting leave to withdraw "inadvertently made" admission following discovery where the plaintiff suffered no prejudice).

Plaintiff asserts that had she known that she could not rely upon an admission of constructive discharge, she would have presented testimony from officials who oversaw the Police Department "to show that they knew of Plaintiff's allegations of discrimination and

intended no action except to force her out of her position." This conclusory assertion has no evidentiary foundation.

Moreover, Plaintiff still had to prove that she was the victim of gender discrimination. No recovery for a constructive discharge could be obtained absent proof that Defendants had allowed "'conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." Spencer, 469 F.3d at 317 n.4. The jury's negative answer to the controlling question of whether Plaintiff had proven gender discrimination necessarily precluded recovery for an alleged constructive discharge. That is, the question of constructive discharge could not be answered until after a finding of intentional discrimination had been made.  Because the jury found that discrimination had not been established, any error in allowing Defendants to withdraw their admission of constructive discharge was harmless.

In short, if there was error, it was in the Court's initial decision to deny leave to amend the answer.  No prejudice was suffered by Plaintiff in allowing Defendants to withdraw their admission.  Accordingly, Plaintiff is not entitled to a new trial on this ground.

C.   Disallowance of Retaliation Claim.

Plaintiff asserts that the Court erred in not submitting to the jury a claim for retaliation based upon the fact that Defendants had contested her application for unemployment compensation benefits, but had not disputed the claim made by Officer Mike Rice several

14

years later.  Plaintiff claims that the fact that Officer Rice's claim was not disputed was not

known until shortly before trial.

Significantly, the Court allowed Plaintiff to present evidence of the disparate

treatment in unemployment compensation applications in support of her gender

discrimination cause of action.  Thus, the jury was presented with the evidence in question.

As noted above, the jury found that Plaintiff failed to prove gender discrimination.

Plaintiff's retaliation causes of action, asserted in Counts II, IV, and VI of the

Amended Complaint, were adjudged to lack evidentiary support on Defendants' summary

judgment motion.  (March 22, 2007 Memorandum and Order, Dkt. Entry 58, at 5-13.)

Plaintiff had a full opportunity to argue the sufficiency of the evidence to support a retaliation

claim in opposing Defendants' summary judgment motion.  Plaintiff did not claim at that time

that the decision to contest her unemployment compensation claim was an act of retaliation.

The fact that several years later Defendants did not challenge Rice's claim does not relieve

Plaintiff of the obligation to have presented all bases for a retaliation claim when its

sufficiency was tested by Defendants' summary judgment motion.  Plaintiff's argument that

the challenge to unemployment compensation was motivated by a retaliatory animus was in

no way dependent upon decisions made years later when a male officer sought such

benefits.  Defendants were granted summary judgment on the retaliation claim, and it was

thus removed from the case long before trial.  No error was committed in not allowing

15

Plaintiff to reassert the dismissed claim to present a theory that was available when the summary judgment motion was decided.

Furthermore, Plaintiff neither presented special verdict questions on a retaliation claim nor submitted a proposed jury instruction on such a claim.  Failure to propose a jury instruction has been held to waive a claim.  See United States v. Skilling, 554 F.3d 529, 556 (5th Cir. 2009) (failure to propose instruction in timely manner waived the issue); Melford Olsen Honey, Inc. v. Adee, 452 F.3d 956, 966 (8th Cir. 2006) (failure to propose instruction on anticipatory repudiation waived that claim).

In any event, the fact that Defendants did not oppose Officer Rice's unemployment compensation claim fails to support an inference that the decision to oppose Plaintiff's claim several years earlier was motivated by an intention to retaliate.  First, the alleged protected activity of Plaintiff – complaints of gender discrimination in January and February of 2003 – preceded by a number of months her resignation and application for unemployment compensation benefits.  Thus, there is no suggestive temporal proximity between the alleged protected conduct and the act of retaliation.  See McCann v. Astrue, 293 F. App'x. 848, 852 (3d Cir. 2008) (alleged retaliatory act occurring five months after filing of discrimination complaint does not support an inference of retaliation); Williams v. Phila. Hous. Auth. Police Dept., 380 F.3d 751, 760 (3d Cir. 2004) (two month gap between alleged protected conduct and alleged act of retaliation does not support inference of retaliation).

16

Moreover, there were substantial dissimilarities between Plaintiff's situation and that presented by Officer Rice.  Plaintiff had submitted a letter of resignation, and Defendants' challenge to unemployment compensation was consistent with Defendants' position that Plaintiff was not constructively discharged.  Officer Rice, on the other hand, was fired after displaying emotional problems that appeared to be consequences of his having been shot in the line of duty several years earlier.  Lamberton explained that the decision to allow Rice to receive unemployment compensation was an act of compassion.

Under these circumstances, no error was committed in disallowing a retaliation claim based upon the fact that Defendants had disputed Plaintiffs' claim for unemployment compensation benefits, but had not contested the claim of Officer Rice.  Accordingly, Plaintiff is not entitled to a new trial on the claim of retaliation.

D.  Alleged Evidentiary Errors

Plaintiff complains that the Court erred in not allowing her to produce evidence that Officer Alice Hatten feared for her safety in working with former Officer Rice.  Plaintiff, however, apparently had not deposed Officer Hatten, who voluntarily terminated her employment with the Police Department in July of 2007 and moved to Hawaii.  Plaintiff has not identified any competent proof of Officer Hatten's supposed fears.  Nor has Plaintiff explained how evidence of the alleged fears would support an inference of discrimination directed towards Plaintiff.  Under these circumstances, no prejudicial error occurred in

17

connection with the refusal to allow Plaintiff to present evidence of Hatten's concerns with respect to Rice.[3]

Plaintiff also complains that she was precluded from presenting evidence as to how Defendants had handled an investigation concerning property that had allegedly been stolen following a motor vehicle accident investigated by Officers Rice and Hatten.  This incident also occurred following the termination of Plaintiff's employment.  The evidence was excluded under Rule 403 of the Federal Rules of Evidence following a careful weighing of the pertinent considerations.  Specifically, it was determined that whatever limited probative value this evidence may have had was substantially outweighed by its danger of unfair prejudice and the waste of time occasioned by the need for Defendants to offer evidence to defend their handling of this particular incident.  This Court's decision on this issue does not warrant a new trial.

Finally, Plaintiff contends that a new trial should be ordered because she was barred from questioning Defendant Lamberton on his failure to respond to "allegations of explicit sexual commentary by his supervisors in the work place" disclosed to him during the course of discovery in this action.  (Plaintiff's Brief in Support of Post-Trial Motion, Dkt. Entry 145,

---

[3] It is the Court's recollection that the matters involving Officer Hatten arose years after Plaintiff severed her employment with the Police Department.  It is also worth reiterating that Plaintiff, in her post-trial papers, has not identified any particular evidence that she proposed to offer on this point, thus preventing a determination as to whether such evidence would have been admissible.

at 9.)  Contrary to Plaintiff's assertion, Defendant Lamberton was questioned by counsel for

Plaintiff on this point.  He testified that he conducted no investigation in response to

information disclosed during discovery pertinent to the question of whether there existed a

hostile work environment.  Furthermore, it is the Court's recollection that Defendants

stipulated that no investigation of sexual harassment was undertaken in response to

information disclosed during this lawsuit.  In any event, Plaintiff was afforded ample leeway

in presenting evidence of matters occurring both during and after her employment with the

Police Department to prove her claim of gender discrimination.  Any error in circumscribing

cross-examination with respect to matters occurring years after she left the employ of the

Police Department would be harmless.

     E.  <u>Dismissal of the Punitive Damage Claim</u>

     The final alleged error is in granting judgment as a matter of law to Defendant

Lamberton on Plaintiff's claim for punitive damages.  Because the jury found that Plaintiff

had failed to prove that Defendant Lamberton intentionally discriminated against her,

Plaintiff's claimed error is entirely without merit.

III.  <u>CONCLUSION</u>

     A new trial may be granted only "'where a miscarriage of justice would result if the

verdict were to stand.'"  Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 572 (3d

Cir. 2002).  Plaintiff has not advanced any ground sufficient to support a conclusion that a

miscarriage of justice will result if a new trial is not granted.  Accordingly, Plaintiff's motion will be denied. An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA L. HARTLEY,                          :
                                           :
          Plaintiff                        :
                                           :
     v.                                    :          3:CV-04-2045
                                           :          (JUDGE VANASKIE)
POCONO MOUNTAIN REGIONAL                   :
POLICE DEPARTMENT AND JOHN,                :
P. LAMBERTON,                              :
                                           :
          Defendants                       :

## ORDER

_____NOW, THIS 24th DAY OF MARCH, 2009, for the reasons set forth in the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

  1. Plaintiff's Motion for Post-Trial Relief (Dkt. Entry 142) is DENIED.

  2. The Clerk of Court is directed to mark this matter CLOSED.

                              s/ Thomas I. Vanaskie_____
                              Thomas I. Vanaskie
                              United States District Judge